IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

SIDNEY RONALD SILVERMAN, JR.,

Plaintiff,

v.  Civil Case No. 3:11CV155-JAG

TOWN OF BLACKSTONE, VIRGINIA,

Defendant.

## MEMORANDUM OPINION

In this case, the plaintiff contests the termination of his employment with the Town of Blackstone. The plaintiff contends that his firing violated not only the Constitution but also Virginia's employment laws. The defendant-Town of Blackstone has moved to dismiss the case for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The parties have briefed the issues, and the motion is now ripe for review. Currently, oral argument is scheduled before this Court on July 11, 2011. The Court, however, will dispense with oral argument on counts II and III of the plaintiff's complaint because the facts and legal contentions are adequately presented in the materials presently before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court GRANTS the Motion to Dismiss as to counts II and III and DEFERS ruling on count I at this time. The Court will hear argument on count I of the plaintiff's complaint at the July 11 hearing.

## I. BACKGROUND

This case concerns the plaintiff's allegedly wrongful termination as Superintendent of Water Utilities for the town of Blackstone, Virginia (the "Town"). The plaintiff, Ronald

1

Silverman, Jr., had been employed by the Town since 1997 but was fired on June 22, 2010, by Blackstone's town manager, Larry Palmore. According to Silverman, he was fired for alerting Palmore to certain deficiencies in the Town's water-utility systems. On several occasions beginning in 2007, he told Palmore that the systems "were not in compliance with state and federal regulations governing the safe treatment of potable water or the proper collection and disposition of the Town of Blackstone's waste water." (Compl. ¶ 10.) Although Silverman suggested costly but necessary solutions to the problems, Palmore chose to do nothing. When the issues finally reached a critical stage necessitating Town action, Palmore allegedly fired the plaintiff to avoid an investigation that would expose his failures as town manager. (Compl. ¶ 13.)

Silverman contends he was not fired because he was a difficult or ineffective employee but, rather, because he was a whistle-blower. (Compl. ¶¶ 17, 21.) He further alleges that Palmore fired him as a way to "cover up a pattern of nepotism" and cast the plaintiff as a scapegoat for the water system's deficiencies. (Compl. ¶ 21.)

On March 10, 2011, the plaintiff filed a three-count complaint against the Town, alleging: (1) infringement of his First Amendment right to freedom of speech (count I), (2) wrongful termination contrary to Virginia public policy (count II), and (3) a violation of the anti-retaliation provision of Virginia's Fraud and Abuse Whistle Blower Protection Act ("FAWBPA") (count III). (Compl. ¶¶ 28, 32, 38.)

## II. LEGAL STANDARD

Because this matter comes before the Court on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court will apply the familiar standards in analyzing the plaintiff's complaint. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "test[s] the sufficiency of the complaint to see if

2

it alleges a claim for which relief can be granted." *Dolgaleva v. Va. Beach City Pub. Sch.*, 364 F. App'x 820, 825 (4th Cir. 2010). To survive a motion to dismiss, a plaintiff must allege facts sufficient to "raise a right to relief above a speculative level" and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). This plausibility standard requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief, that is, the "plausibility of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Twombly*, 550 U.S. at 557). If the complaint alleges–directly or indirectly–each of the elements of "some viable legal theory," the plaintiff should be given the opportunity to prove that claim. *Twombly*, 550 U.S. at 563 n. 8. Yet, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

### III. DISCUSSION

Counts II and III of the complaint allege causes of action under Virginia law. Count II attempts to state a claim for common law wrongful termination in violation of Virginia public policy, as embodied in the FAWBPA. Va. Code §§ 2.2-3009, *et seq*. Count III contends that the Town retaliated against him, in violation of the FAWBPA.

In its motion to dismiss, the Town argues that the FAWBPA, by its express terms, applies only to employees of state government. Silverman is a town, not state, employee; the Town argues, therefore, that the public policy stated in the FAWBPA and the statute's anti-retaliation provision do not apply to Silverman, and counts II and III should be dismissed for failure to state a claim upon which relief may be granted. The Court agrees. Because Count III arises under the

Whistle Blower statute, and Count II raises a related common law claim based on public policy in the FAWBPA, the Court will discuss Count III first.

### A. Count III – Violation of the Fraud and Abuse Whistle Blower Protection Act

In Count III, the plaintiff contends that the Town violated § 2.2-3011 of the FAWBPA by "discharging Mr. Silverman in retaliation for his good faith reports of the abuse and wrongdoing committed by Mr. Palmore." (Compl. ¶ 39); Va. Code § 2.2-3011. As a threshold issue, the Court must determine whether Silverman, as a town employee, is a member of the class of individuals protected under the FAWBPA. Since he is not, he cannot claim retaliation in violation of the statute.

Generally, the FAWBPA prohibits certain governmental actions against a "whistle blower." Va. Code § 2.2-3011. This policy is embodied in § 2.2-3009 of the FAWBPA, which states: "[i]t shall be the policy of the Commonwealth that *employees of state government* be freely able to report instances of wrongdoing or abuse committed by their employing agency, other *state agencies*, or independent contractors of *state agencies*." Va. Code § 2.2-3009 (emphasis added). Notably, the "whistle blower" must be an "employee"—defined as "[a]ny person who is *employed* full time on either a salaried or wage basis . . . *by a state agency.*" Va. Code § 2.2-3010 (emphasis added). A "state agency" is defined as "any agency, institution, board, bureau, commission, council, or *instrumentality of state government in the executive branch listed in the appropriation act.*" Va. Code § 2.2-3010 (emphasis added). The Appropriations Act, set forth in chapter 781 of the Virginia Acts of Assembly, 2009, lists various agencies in the executive branch but does not include towns or cities as "instrumentalities of state government."

4

The plaintiff contends that the Town is a "state agency," as defined under the FAWBPA, because it is an "instrumentality of state government." Thus, as an employee of the Town, Silverman claims he has a valid cause of action under the FAWBPA. This argument fails under a plain reading of the statute, however.

Clearly, the FAWBPA only provides protection to employees of state agencies. The statute's definition of a state agency, in pertinent part, includes "instrumentalities of state government in the executive branch listed in the appropriation act." Va. Code § 2.2-3010. Towns are not part of state government, and are certainly not part of the executive branch of state government. As previously stated, towns and cities are not included in the Appropriations Act as instrumentalities of state government, nor are they listed in the remainder of the statute's definition of "state agency." The Town, therefore, cannot be classified as a "state agency" under the FAWBPA, and the plaintiff is not a member of the class of individuals protected under the statute. Thus, he cannot assert a statutory claim of retaliation.

The Court GRANTS the defendant's motion to dismiss count III of the complaint.

### B. <u>Count II – Wrongful Termination</u>

For many of the same reasons, the plaintiff's argument in count II of the complaint also fails to state a cause of action for which relief may be granted. The plaintiff argues that he was fired in violation of the public policy embodied in the FAWBPA which protects whistle blowers who are employees of a state agency or instrumentality. As support, he cites to *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985), which created an exception to Virginia's at-will employment doctrine by establishing a common law cause of action where an employer violates public policy in the discharge of an employee.

The plaintiff, however, does not fall into one of the three circumstances which warrant *Bowman's* at-will exception.[1] The FAWBPA says that it is "the policy of the Commonwealth that *employees of state government*" should feel free to report wrong-doing. *See* Va. Code § 2.2-3009. Yet, Silverman was a town, not state, employee. Since the FAWBPA only articulates a policy relating to state employees, the policy does not apply to him. As stated above, as a town employee, Silverman cannot demonstrate he is a member of the class of individuals protected under the FAWBPA. As such, the plaintiff's termination does not violate state public policy, and the wrongful-discharge claim in count II fails to state a cause of action for which relief may be granted.

The Court GRANTS the defendant's motion to dismiss count II of the complaint.

## IV. CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss is GRANTED IN PART and DEFERRED IN PART. The Court hereby dismisses the plaintiff's claims in counts II and III of his complaint. As to count I, the Court will hear oral argument from the parties at the hearing scheduled for July 11, 2011, and rule on the motion to dismiss plaintiff's remaining claim after argument of counsel.

It is SO ORDERED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

---

[1] A cause of action under *Bowman* can be made only if (1) there is a violation of an employee's statutory right; (2) there is a violation of a clearly expressed policy, and the employee is a member of the class protected by the statute; or (3) an employee is discharged for refusal to engage in a criminal act. *Rowan v. Tractor Supply Co.*, 263 Va. 209, 213-14 (2002). The plaintiff relies on the second prong of *Bowman*.

6

/s/ *(signature)*
John A. Gibney, Jr.
United States District Judge

Date: July 7, 2011
Richmond, VA